UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELIQUE BOUVIER,              )<br>                                                       )<br>            Plaintiff,                      )<br>                                                       )<br>      v.                                            )    Civil Action No. 1:23-cv-01925 (UNA)<br>                                                       )<br>FEDERAL BUREAU OF INVESTIGATION,   )<br>                                                       )<br>            Defendant.                   ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and her *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which permits dismissal of a case "at any time" if the Court determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

1

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

Plaintiff alleges that the Federal Bureau of Investigation is responsible for disclosing personal information about her to unidentified individuals, *see* Compl. at 4 (page numbers designated by CM/ECF), subjecting her to "psychological attacks," surveillance, threats and harassment, *id.*, Ex. (ECF No. 1-1) at 1, invading her privacy, *see id.*, and failing to respond to her complaints "in a supportive and professional manner," *id.*, so as to engage in "misconduct[] and inappropriate communication which increased threats . . . and attacks . . . against [her] and [her] children," *id*. Although plaintiff has tried to report these matters to the FBI, she alleges "[t]hey stopped [her] from obtaining legal counsel . . . by making contact with and threatening them, and degrading [her] character to cover their criminal acts against [her]." *Id.*, Ex. at 2.

This complaint is based upon fanciful factual allegations, *see Neitzke*, 490 U.S. at 425, and fails to state a legal claim with "an arguable basis in law and fact," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Therefore, the Court will dismiss the complaint and this civil action without prejudice as frivolous. An Order is issued separately.

DATE: July 7, 2023

TREVOR N. McFADDEN  
United States District Judge